UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL L. BULLOCK,

    Plaintiff,

v.                                              CASE NO. 07-CV-13949

COMMISSIONER OF                   DISTRICT JUDGE PAUL V. GADOLA
SOCIAL SECURITY,                   MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**[1]

## I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II. REPORT

### A. Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to the undersigned magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB"). This matter is currently before the Court on cross-motions for summary judgment. (Dkts. 18, 22.)

Plaintiff was 55 years of age at the time of the most recent administrative hearing. (Transcript, Dkt. 8 at 25.) Plaintiff's relevant employment history consists of construction related jobs for approximately 11 years and work as a rifleman for the U.S. Army for 7 years. (Tr. at 103.)

Plaintiff filed the instant claim on June 2, 2003, alleging that he became unable to work on December 30, 1990. (Tr. at 69.) The claim was denied initially and upon reconsideration. (Tr. at 35-36, 41-45.) In denying Plaintiff's claim, the Defendant Commissioner concluded that the medical evidence presented was insufficient to find disability prior to September 30, 1995, the date Plaintiff's eligibility for disability insurance benefits ended. (*Id.*)

On October 6, 2005, Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") James F. Prothro, II, who considered the case *de novo*. In a decision dated December 2, 2005, the ALJ found that Plaintiff was not disabled. (Tr. at 21-34.) Plaintiff requested a review of this decision on February 2, 2006. (Tr. at 18-19.)

The ALJ's decision became the final decision of the Commissioner on May 18, 2007, when the Appeals Council denied Plaintiff's request for review. (Tr. at 4-6.) On July 17, 2007, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision in the

U.S. District Court for the Western District of Michigan. On September 17, 2007, the case was transferred to this Court where venue is proper.

**B.      Standard of Review**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great

weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, the court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). The scope of the court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers,* 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might

subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"). *Accord Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. App'x 521, 526 (6th Cir. 2006).

**C. Governing Law**

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*) Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. BLOCH, FEDERAL DISABILITY LAW AND PRACTICE § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" is defined as follows:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

5

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If Plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and

considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v) and 416.920(g)).

### D. ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity between December 30, 1990, the alleged onset date and September 30, 1995, the date last insured, and that Plaintiff meets the insured status requirements through September 30, 1995, but not thereafter. (Tr. at 33.) At step two, the ALJ found that the claimant had no medically-determinable impairment from December 30, 1990, the alleged onset date, through September 30, 1995, the date last insured. (*Id.*) As a result, the ALJ found no evidence that Plaintiff had any impairments that were "severe"within the meaning of the Commissioner's regulations. (Tr. at 34.) Therefore, the ALJ did not address steps three, four or five.

### E    Analysis and Conclusions

#### 1.    Legal Standards

In order to be eligible for disability benefits, a person must become disabled during the period in which he or she has met the statutory special earnings requirements. 42 U.S.C. §§ 416(i), 423(c)(1)(B)(i). It is improper for an administrative law judge to concentrate on a claimant's abilities and condition at the date of hearing, rather than during the time period when the plaintiff met the special earnings' requirements. *Davis v. Califano*, 616 F.2d 348 (8th Cir. 1979). *See also Mohr v. Bowen*, No. 87-1534, 1988 WL 35265, at *2 (6th Cir. April 21, 1988). In this circuit, to qualify for social security disability benefits, disability must be proven to exist during the time the plaintiff was insured within the meaning of the special insured status requirements of the Act; if the plaintiff becomes disabled after the loss of insured status, the claim must be denied even

though the plaintiff has indeed become disabled. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Estep v. Weinberger*, 525 F.2d 757 (6th Cir. 1975); *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979). Thus, as a general rule, the only medical evidence relevant to the issue of disability is that medical evidence dealing with a claimant's condition during the period of insured status.

In *Begley v. Mathews*, 544 F.2d 1345 (6th Cir. 1976), the court held, however, that "[m]edical evidence of a subsequent condition of health, reasonably proximate to a preceding time, may be used to establish the existence of the same condition at the preceding time." *Id*. at 1354. Directly on point, the Sixth Circuit held in *Higgs*, 880 F.2d at 863, that the Commissioner must consider medical evidence of a claimant's condition after his date last insured to the extent that the evidence is relevant to the claimant's condition prior to the date last insured.

In this case, the ALJ, after review of Plaintiff's social security earnings' record (Tr. at 82), concluded that Plaintiff's insured status ended on September 30, 1995. This was the last quarter in which Plaintiff had 20 quarters of coverage within a 40-quarter period. 20 C.F.R. § 404.130(b). This conclusion regarding the date Plaintiff's insured status ended is uncontested.

    **2.**     **Substantial Evidence**

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Plaintiff contends that the ALJ improperly discounted evidence as to Plaintiff's condition prior to September 30, 1995, as offered by Dr. Elaine Tripi, Ph.D., C.R.C., and Mr. Ronald Hamden, M.S.W. (Dkt. 18 at 12-15.) Dr. Tripi, who performed a consultative examination of Plaintiff in September 2005, concluded that Plaintiff's Post Traumatic Stress Disorder ("PTSD"), which prevents Plaintiff from working at present, existed at least since 1990. (Tr. at 421.) Mr. Hamden, who worked with Plaintiff from September 2003 through January 2005, opined that Plaintiff's symptoms of PTSD "have been in existence since his return from Vietnam." (Tr. at 418.)

In weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). *See Rogers*, 486 F.3d at 242 (stating that the "treating physician rule," which provides that "greater deference is usually given to the opinions of treating physicians than to those of non-treating physicians," is a key governing standard in social security cases).

"Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Therefore, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent

reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996). "[A] failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243.

The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). A physician qualifies as a treating source if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. "The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed App'x 279, 284 (6th Cir. 2003) (quoting *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)).

As the ALJ properly noted, Dr. Tripi is not a treating physician; thus, her opinion is not entitled to controlling weight. (Tr. at 32.) I further suggest that the ALJ was correct in noting that the medical evidence reviewed by Dr. Tripi, all of which concerned his status after May of 2000, is not foundational medical evidence that could support her opinion of his status five years earlier, i.e., in September of 1995. (*Id.*; Tr. at 419-20.) Therefore, the ALJ was free to discount this unsupported opinion. 20 C.F.R. § 404.1527(d)(5); *Walton v. Comm'r of Soc. Sec.*, 60 Fed. App'x 603, 610 (6th Cir. 2003) (finding ALJ properly discounted doctor's changed opinions in 1998 and

1999 where doctor had not examined plaintiff and where there were no office notes of any new objective medical findings since 1997).

Mr. Hamden is not a physician and therefore the ALJ did not need to give his opinion as to Plaintiff's medical condition any weight. *See Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 472 (6th Cir. 2006) (social worker's opinion not entitled to weight because not an acceptable medical source under the regulations).

On the basis of the Social Security Act and *Estep*, which controls in this circuit, I conclude that the ALJ properly found that Plaintiff's insured status ceased as of September 30, 1995, and that, therefore, his refusal to consider later medical evidence was proper. I further find that Plaintiff's proffered opinion testimony of Dr. Tripi and Mr. Hamden are not supported medical opinions probative of Plaintiff's condition prior to September 30, 1995, and therefore, were properly afforded little or no weight by the ALJ.

Plaintiff also argues that the case should be remanded under Sentence 4 because there was adequate evidence of severe impairment or alternatively, under Sentence 6 of the regulations for evaluation of new and material evidence which verifies his disabled condition prior to loss of insured status on September 30, 1995. (Dkt. 18 at 14-15.)

The Supreme Court only recognizes two kinds of remands involving social security cases: those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 110 L. Ed. 2d 563 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four

allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, but only if a claimant can show good cause for failing to present the evidence earlier. *Id.* at 100.

The Sixth Circuit has long recognized that a court may only remand disability benefits cases when a claimant establishes that new material evidence is available and shows good cause for failure to incorporate such evidence into prior proceedings. *Willis v. Sec'y of Health and Human Servs.*, 727 F.2d 551 (6th Cir. 1984). Evidence is only "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S. Ct. 2658, 110 L. Ed. 2d 563 (1990). In addition, evidence is only "material" if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

Attached to Plaintiff counsel's motion is an exhibit comprising two sets of documents from the Florida Department of Corrections (Dkt. 20), which counsel represents were previously unknown and apparently received after the Plaintiff's administrative hearing. (Dkt. 18 at 2.) After review of these documents, I suggest that Plaintiff has failed to meet the conditions set forth in this circuit for a new-evidence remand. Although there appears to be "good cause" for failing to incorporate the proposed exhibit into the record since these documents were not received until after Plaintiff's administrative hearing, the first group in particular contains very few documents concerning his condition during his eligibility for benefits. While a CT-scan showed possible disc protrusions at L3-4 and L4-5 (Dkt. 20, Part 1 at 1), a "chronological record" shows that Plaintiff

stated that his pain was intermittent and was not sufficient to wake him at night. (Dkt. 20, Part 2 at 6.)[2] An "Intra-system Transfer" document lists no "Major Handicaps," no medical complaints and no prescription medications. (Dkt. 20, Part 2 at 20). Although a blood test was positive for Hepatitis A (Dkt. 20, Part 1 at 3), I am unable to find any notations in these records that this finding caused any physical symptoms. As to Plaintiff's psychological symptoms, after attending group counseling sessions, his counselor reported that Plaintiff had "taken a positive role in group" and was making progress. (Dkt. 20, Part 1 at 10.) It also was reported that he was spending at least one hour per day in social settings and that his religious beliefs "seem to give some peace of mind to him." (*Id.*)

These notations, I suggest, are not "material evidence" within the meaning of the cases set forth above because I conclude that it is unlikely that review of these new medical records by the Commissioner on remand would cause him to reach a different result.

After review of the record, I therefore conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Mullen*, 800 F.2d at 545, as the decision is supported by substantial evidence.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

---

[2]Under the electronic filing system, docket entry 20 is broken into two separate PDF documents: "Part 1" is 69 pages long and "Part 2" is 50 pages long. I shall refer to these "parts" for ease of reference.

U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 21, 2008

s/ *Charles E Binder*
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, Eva Guerra, and the Commissioner of Social Security, and served on U.S. District Judge Rosen in the traditional manner.

Date: August 21, 2008    By    s/Patricia T. Morris
Law Clerk to Magistrate Judge Binder

14